*160 OPINION of tito Court, by
Judge Logan.
This is a contest for land, on the following entry, viz.
“June 1st,■ 17S0 — James Withers enters 600 acres upon treasury warrants, on the north side of Kentucky river, to include a sinking spring about one mile from |¡lc sa¡(¡ rjve¡.? on a buffalo path, and an improvement made by Joseph Blackford, extending eastwardly for quantity, to adjoin Adam Rough’s settlement.”
several objects called for in this entry are identi-fled, and proved to have been either generally known, or are so described that when taken conjointly might easi¡y ao¿ with certainty have been found, and the land intended thereby ascertained. The entry is therefore good ; but with respect to the manner of surveying it, there is considerable doubt.
to R’sjmproyR, -⅜ lines Survejrto&e governed by t'h* improvement iei t0 ’ that court* extend, |?gas ⅞¾ Rt * ⅛⅛⅛⅛ the: fpring and ini. p™ven?fi‘t *¾ , ⅜¾* ,⅜ y£ angle? to thofe fctticment!
Rough’s settlement is situated about a mile and a half, in a soiitheaStwardly direction from the sinking spring and Blackford’s improvement. .
Whether, froin the relative situation of these objects, the survey should be made in a rectangular figure, just including the spring and improvement, and extending east, and thence south to adjoin Rough’s settlement; or whether its figure and the position of the land ought to be regulated by the course from the sinking spring and Blackford’s improvement to Rough’s settlement, is the question to be determined.
The call for objects remote from each other, Uncontroled by other calls, has aitvays been held to vary theiines from the cardinal points to the course between those obj ects, and to regulate the figure of the survey accordingly. Such a call indicates the intention of the locator to appropriate the body of the land between those objects, and would seem in the general tantamount to art egress call to run the precise course u*pm one tojghe other of the objects. ' ,
In the case before us, the locator has called to extend eastwardly for quantity to adjoin the given tract. He has not called for a precise course, and thence to adjoin that tract, or used other expressions clearly evincing such an intention; but he has assumed a latitude circumscribed only between lines extending a southeast and northeast direction from the place of departure ; and although the court will by construction, in support of an entry, fix to such a call a precise and definite meaning, where there is no contesting call; yet where there is an actual and permanent object called for, as in the present case, we do not feel authorised to apply a rule of construction adopted merely to supply a vagueness in expressly with regard to a precise course to be pursued, to the iontroling of the figure of the land which a call from one to the other of these actual and existing objects would give.
We are therefore of opinion that this entry should be surveyed just including the sinking spring and Black-ford’s improvement opposite the centre of the northwestern boundary, and thence extending rectangular and parallel lines to their intersection with Rough’s settlement boundaries, in the direction from the centre of the base;to Rough’s improvement designated in the plat, in* eluding the quantity of 6Ó0 aefies — Rough’s settlement *162 being laid down in a square to the cardinal points, with* 1;*s improvement ill the centre.
Decree reversed with costs, and the cause remanded for a decree to be rendered conformable to the foregoing opinion.