Txie Chief Justice
delivered the opinion of the court.
This is a contest for land under adverse conflicting claims, and depends exclusively upon the validity of the entry, in virtue of which the appellants, who were complainants in the court below, assert their right. That entry is as follows;—
“June 1st, 1780 — Thomas Withers enters 600 acres up“on treasury warrants, on the north side of Kentucky river, “to include a spring about one mile from the said river, on “a buffalo path, and an improvement made by Joseph Black-“ford, extending eastwardiy for quantity, to adjoin Adam “Rough’s settlement.”
Rough’s settlement is considered to be sufficiently established, and northwestwardly from the settlement, and some distance therefrom, and about a mile from the nighest part of the Kentucky river, near where a buffalo road or path passed, there were a sinking spring and an made by Joseph Blackford, Which at, and prior to* the date of the entry in question, was generally known as his improvement. This spring and improvement are claimed by the complainants as those intended to be described by1 the entry; and such is the proof adduced by the complainants, with respect to the identity and notoriety of those objects, ihat in the absence of all countervailing evidence there could be no hesitation in sustaining the entry. It was accordingly, in the case of Young,s heirs vs. Withers’ heirs, 4 Bibb, 160, adjudged by this court to be a valid entry. But, in the present case, there is opposing evidence, which was not adduced in the former case; and it becomes necessary, therefore, to enquire how far that evidence affects ilie validity of the entry. It is pretty clearly proven, that net far from the eastern boundary of Rough’s settlement *616 (here is a sinking spring on »buffalo path, adjacent to which J°seP^ Blackford had made an improvement prior to the date of the complainant’s entry; and it is contended, on the part of the defendants, that these objects correspond as 've^i 11 °t better, than those claimed by the complainants, with the calls of the entry, and that the entry is rendered thereby vague and uncertain, and consequently void,
nt callin^'to elude a sink-lno sPnnS & m'debyTB and extend-ingesstward-BV° íeu!^ ment,” must tie surveyed eívde the *n' spring and improvement of nndto'estenii towards the of A tiToTv settlement.11* Vme; the bass ime at n.c;ht Tcw'v⅛ A K’s ⅛. provement, Jhestn>a•■t'is’ tiicroto. ~
Marshall for aoncllant, Talbot for appellee. -
Jf jn dle absence of any proof in relation to the objects claimed by the complainants, the entry couid be cstnblish-ed at the spring and improvement, shewn by the defendants^, there would be no doubt that the entry ought lobe decm-*livabd. But this does not appear to be the case; for improvement shewn by the defendants, though made by Blackford, does not appear to have acquired any noto-r'elJ as b¡s, nor had it any marks by which it could be distinguished from others or known to be his. Besides, the call in the entry “extending eastwardly for quantity, to adj°‘B- Adam Rough’s settlement,” obviously indicates that objects called for would lie found west wardly, and not eastwardly, of Rough’s settlement, and requires, according to its plain and literal import, that the entry in question should adjoinRough on his w-estwardly, and not his east-wardly boundary. The objects shewn by the defendants, therefore, are not only destitute of the requisite notoriety, ^ut have, in this situation, no correspondence with the description given in the entry.
The entry, therefore, must be deemed valid, and should surveyed as directed in the former opinion of this court, by just including the sinking spring and Blackford’s improvement opposite the centre of the north-west boundary, ao^ ^letiCe extending reel ungular and parallel lines to their intersection with Rough’s settlement boundaries, in the direction from the centre of the base to Rough’s improvement, ^es’‘§na*eí^ *n ^le plat, Including the quantity of 600 acres, Rough’s settlement being laid down in a square to the cardinal points, with his improvement in the centre. Toso much of the land in controversy as will be included in a survey thus made, and as is included in the survey of the complainants’ entry as.-actually made, they are entitled to recover. — The decree of the circuit court must be reversed cost- an^ l‘ie cause remanded for a decree to be entered confortnable to the foregoing opinion, and such other proceedings had r.s may be consistent with law and equity.