Ch. J. Barry
delivered the opinion of the Court.
THE complainant, John M’Clain, filed his bill in equity against the defendants, James French and John *148 Kelsoe, jun. alleging, that on the 31st of Decerober 1 814, contract(?d with French for 220 acres of land, qt the price of one dollar per acre.; that he executed his not^ for the purchase money, payable the 15th of March 1815, and French gave his bond for a title when the purchase money was paid, retaining it as security for the payment; that before this contract with French, the complainant, claiming title to the land, had seated and improved it, and resided thereon upwards of twenty years; that, ignorant of the advantage gained by the lapse qf time, and fearing that he would be sued and turned out of possession, the complainant, to protect himself, made the contract with French, who represented his claim to be elder and paramount to that of the complainant; that, failing to pay his note, the complainant was sued, judgment had against him in favor of French, and part of the money made by execution; that French caused a second execution to issue, and to subject the land to saje under it, signed and acknowledged a deed, and had jt recorded, conveying the land to the complainant, without bis knowledge or consent, which deed was refused by him, when informed of it by the clerk with whom it was left for record; that French subsequently caused the execution to be levied, had the land sold under it, became the pur-, chaser himself, and afterwards sold and conveyed thq same to the defendantSj John Kelsoe, jun. and John Kelsoe, sen. and transferred the balance of the execution against the complainant to John Kelsoe, jan. with an understanding that if the land was recovered, the balance of the execution was to be regarded as satisfied; that Johi^, Kelsoe, jun, under the title thus acquired of French, recovered the land of the complainant by action of ejectment, took possession of it and ha§ been in the receipt of the rents and profits ever since; and that John Kelsoe, jun. afterwards issued execution against the complainant, to coerce the payment of the balance due, of about $40. The bill prays for an injunction, for an account of rents and profits, the sale of *an<^’ anc^ ^or §enera* relief.
The defendant, Kelsoe, jun. filed his answer, ami French his demurrer to the bill; and at the same term, c‘,'cu't coal't sustained the demurrer, dissolved the bijunction with damages, and dismissed the bill as to the defendant, French, retaining the cahse as to ICe^ *149 sae; to reverse which decree, this writ of error is prosecuted.
deed of' conveyance tbe°ob]if0r5 to convey, in the clerk’s of-the’knowl°Ut ea^e 0p the obligee, and him does not pass the title,
a" sherilf’sSe< sale of the lanii as the the^perlorft® whom such conveyance 1„s_'Ltte“pted’ thing, and the obligor bowidfor th title! °r 6
^¡ler@ there ¡s negligence on the part of • ing’ the proper parties or the^ourt'Tis bill may’be dismissed; always bef* without pre-t ^0111'0649.
It js a settled rule, that a suit in chan-carfbiTdeter-mined as to part, and continued as Gbabdl Y pdl ties. 1 Monroe 110.
*149 From the allegations of the bill, admitted by the demurrer, it is evident that the complainant has ed injury, for which he is entitled to redress. He had paid the greater part of the purchase money, and would have been entitled to a deed for the land, on the payment of the balance. The conveyance attempted by French, with a view to subject the land lósale under the execution, did not pass the legal title, as it was not accepted by the complainant. See the cases of January vs. Bradford, 4 Bibb 566; Allen vs. Sanders, 2 Bibb 94.
The sheriff’s sale did not divest the complainant’s equity, and French acquired no title by his purchase; and if he had, he was still bound to the complainant, his title bond remaining in full force. The subsequent sale and conveyance to Ke}so,es was injurious to the complainant, and has put it out of the power of French to comply with his bond to the complainant, and for this he must be held responsible.
As to the nature and extent of the relief the complainant is entitled to, and whether the land itself will be liable, notwithstanding the sale to Kelsoes, it is not necessary now to decide. This subject may be considered with more propriety, when the defendant, French, shall have answered, and the cause is prepared for final hearing. It is sufficient to say, that as it appears the complainant is entitled to relief, the circuit court erred in sustaining the demurrer and dismissing the bill as to the defendant, French.
It appears from the deed from French to the Kelsoes, exhibited by the complainant as part of his bill, that John Kelsoe, sen. was a joint tenant of the land with John Kelsoe, jun. the latter only being made a party to the suit. For this defect, upon demurrer, it was proper to dismiss the bill. Where there is negligence on the part of the complainant, in preparing the cause for hearing as to some of the parties, the'court may, with propriety, dismiss for such negligence; but, such case, the dismission should be without prejudice, and not absolute.
It was certainly improper to have dismissed the bill as to the defendant, French, before the case was prepared ps to the other defendants. It is a settled rule, that a Sipff in chancery never can be heard and. disposed of as *150 f0 some of the parties, unless it be in a situation to be beard and disposed of as to ail those who are necessary parties. Mosley vs. Lewis, &c. 4 Bibb 160.
Triplett, for plaintiff.
The decree of the circuit court is reversed with costs, and the cause remanded, with directions for further proceedings to be had, not inconsistent with this , , ^ opinion.